UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THERESA SCHWERBEL,**

     **Plaintiff,**

**v.**                             **Case No:**

**CENTRAL CREDIT
SERVICES LLC,**

                               **DEMAND FOR JURY TRIAL**

     **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT
WITH INJUNCTIVE RELIEF SOUGHT**

     **COMES NOW**, Plaintiff, **THERESA SCHWERBEL** ("Ms. Schwerbel" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **CENTRAL CREDIT SERVICES LLC** ("Defendant"), and in support thereof states as follows:

### *Introduction*

     1.     This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt using an automated voice or prerecorded message to call Ms. Schwerbel's Cellular

Telephone after Ms. Schwerbel demanded Defendant's calls cease, which can reasonably be expected to harass Ms. Schwerbel.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3.      Jurisdiction of this Court also arises under 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1).

4.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5.      Plaintiff, Ms. Schwerbel, was and is a natural person and, at all times material hereto, is an adult, a resident of Hillsborough County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

6.      Ms. Schwerbel is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 813-***-3701 ("Ms. Schwerbel's Cellular Telephone").

7.      At all times material hereto, Defendant was and is a Limited Liability Company with its principle place of business in the State of FL and its registered agent, C T CORPORATION SYSTEM, located at 1200 South Pine Island Road, Plantation, FL 33324.

8.      At all times material hereto, Defendant was and is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

### *Statements of Fact*

9.      In or around 2002, Ms. Schwerbel financed her education at a culinary school by taking out a student loan with Career Education Corporation, which was assigned a unique account number ending in 7531 ("Account").

10.     Sometime thereafter, Ms. Schwerbel was unable to remit payment towards the Account and incurred an outstanding balance thereunder ("Debt").

11.     In or around early 2013, Ms. Schwerbel made her last payment towards the Debt.

12.     Ms. Schwerbel has not paid any amount towards the Debt since that time.

13.     The Debt was thereafter sold, assigned, or transferred to Defendant for collection purposes.

14.     In or around July of 2016, Defendant began placing calls to Ms. Schwerbel's Cellular Telephone in attempts to collect the Debt.

15.     Ms. Schwerbel spoke to a representative of Defendant and informed Defendant that she disputed the Debt and demanded that Defendant stop calling her Cellular Telephone.

16.     During one such call, Defendant threatened to arrest Ms. Schwerbel if she did not pay the Debt.

17.     Despite Ms. Schwerbel's demand, Defendant continued to call Ms. Schwerbel's Cellular Telephone at least twenty (20) times in an attempt to collect the Debt.

18.     Defendant placed up to five (5) calls to Ms. Schwerbel's Cellular Telephone in a single day.

19.     Defendant also sent Ms. Schwerbel a debt collection letter dated February 15, 2018, in an attempt to collect the Debt ("Collection Letter").

20.     The Collection Letter was specifically addressed to Ms. Schwerbel, listed the subject Debt, the Balance Due of $4,534.92, and options for repayment. *See* **Exhibit A.**

21.     The Collection Letter fails to disclose that the Debt is time-barred due to its age and that payment towards the Debt will re-start the statute of limitations for Defendant to pursue legal action to collect the Debt.

22.     All of Defendant's calls to Ms. Schwerbel's Cellular Telephone were placed in an attempt to collect the Debt.

23.     Defendant's Collection Letter was sent in connection with the collection of the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

24.     Ms. Schwerbel re-alleges paragraphs 1-23 and incorporates the same herein by reference.

25.     The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or

any service for which the called party is charged for
the call.

26.    Ms. Schwerbel revoked consent to have Defendant call her Cellular
Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial
voice or prerecorded message in or around July of 2016 when she expressly told
Defendant that she disputed the Debt, and demanded that Defendant stop calling her.

27.    Despite this revocation of consent, Defendant thereafter called Ms.
Schwerbel's Cellular Telephone at least twenty (20) times.

28.    Defendant did not place any emergency calls to Ms. Schwerbel's Cellular
Telephone.

29.    Defendant willfully and knowingly placed non-emergency calls to Ms.
Schwerbel's Cellular Telephone.

30.    Ms. Schwerbel knew that Defendant called Ms. Schwerbel's Cellular
Telephone using an ATDS because she heard a pause when she answered at least one of
the first few calls from Defendant on her Cellular Telephone before a live representative
of Defendant came on the line.

31.    Ms. Schwerbel knew that Defendant called Ms. Schwerbel's Cellular
Telephone using a prerecorded voice because Defendant left Ms. Schwerbel multiple
voicemails using a prerecorded voice.

32.    Defendant used an ATDS when it placed at least one call to Ms.
Schwerbel's Cellular Telephone.

33.    Under information and belief, Defendant used an ATDS when it placed at
least five calls to Ms. Schwerbel's Cellular Telephone.

34.     Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Schwerbel's Cellular Telephone.

35.     Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Schwerbel' Cellular Telephone.

36.     Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Schwerbel' Cellular Telephone.

37.     At least one call that Defendant placed to Ms. Schwerbel' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

38.     At least one call that Defendant placed to Ms. Schwerbel' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

39.     At least one call that Defendant placed to Ms. Schwerbel' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

40.     At least one call that Defendant placed to Ms. Schwerbel' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

41.     At least one call that Defendant placed to Ms. Schwerbel' Cellular Telephone was made using a prerecorded voice.

42.     Defendant has recorded at least one conversation with Ms. Schwerbel.

43.     Defendant has recorded more than one conversation with Ms. Schwerbel.

44.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Schwerbel, for its financial gain.

45.     Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Schwerbel' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

46.     The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Schwerbel, despite individuals like Ms. Schwerbel revoking any consent that Defendant believes it may have to place such calls.

47.     Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Schwerbel' Cellular Telephone.

48.     Defendant has corporate policies to abuse and harass consumers like Ms. Schwerbel despite having actual knowledge the called person does not have Defendant's services and that the called person does not wish to be called.

49.     Defendant's phone calls harmed Ms. Schwerbel by trespassing upon and interfering with Ms. Schwerbel' rights and interests in her Cellular Telephone line.

50.     Defendant's phone calls harmed Ms. Schwerbel by wasting her time.

51.    Defendant's phone calls harmed Ms. Schwerbel by causing her emotional distress.

52.    Defendant's phone calls harmed Ms. Schwerbel by being a nuisance and causing her aggravation and annoyance.

53.    Defendant's phone calls harmed Ms. Schwerbel by causing a risk of personal injury to Ms. Schwerbel due to interruption and distraction.

54.    Defendant's phone calls harmed Ms. Schwerbel by causing her to lose sleep.

55.    Defendant's phone calls harmed Ms. Schwerbel by invading her privacy.

56.    All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

  a.    Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

  b.    Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

  c.    Awarding Plaintiff costs;

  d.    Ordering an injunction preventing further wrongful contact by the Defendant; and

  e.    Any other and further relief as this Court deems equitable.

### *Count 2: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

57.    Ms. Schwerbel re-alleges paragraphs 1-23 and incorporates the same herein by reference.

58.    Ms. Schwerbel is a "consumer" within the meaning of the FDCPA.

59.     The subject debt is a "consumer debt" within the meaning of the FDCPA.

60.     Defendant is a "debt collector" within the meaning of the FDCPA.

61.     Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a.   Defendant violated 15 U.S.C. § 1692d (1) by threatening the use of violence in an attempt to collect the Debt, when Defendant threatened to arrest Ms. Schwerbel if she did not pay the Debt.

   b.   Defendant violated 15 U.S.C. § 1692d (5) by causing Ms. Schwerbel's Cellular Telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Ms. Schwerbel.

   c.   Defendant violated 15 U.S.C. § 1692e by falsely and deceptively stating that Ms. Schwerbel owed the Debt, which Defendant knew Ms. Schwerbel did not owe.

   d.   Defendant violated 15 U.S.C. § 1692e (4) by representing that nonpayment of the Debt will result in Ms. Schwerbel's arrest or imprisonment when such action is not lawful.

   e.   Defendant also violated 15 U.S.C. § 1692e (2)(A) by failing to disclose that payment towards the Debt will re-start the statute of limitations for Defendant to pursue legal action on the Debt.

62.     As a result of the above violations of the FDCPA, Ms. Schwerbel has been subjected to illegal collection activities for which she has been damaged.

63.     Defendant's actions have damaged Ms. Schwerbel by invading her privacy.

64.     Defendant's actions have damaged Ms. Schwerbel by causing her embarrassment.

65.     Defendant's actions have damaged Ms. Schwerbel by causing her stress.

66.     Defendant's actions have damaged Ms. Schwerbel by causing her aggravation.

67.     Defendant's actions have damaged Ms. Schwerbel by harming her reputation.

68.     It has been necessary for Ms. Schwerbel to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

69.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

a.   Awarding statutory damages as provided by 15 U.S.C. 1692k(a)(2)(A);

b.   Awarding actual damages;

c.   Awarding costs and attorneys' fees; and

d.   Any other and further relief as this Court deems equitable.

## *Count 3: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

70.     Ms. Schwerbel re-alleges paragraphs 1-23 and incorporates the same herein by reference.

71.     Defendant violated the FCCPA.  Defendant's violations include, but are not limited to, the following:

   a.  Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Schwerbel despite Ms. Schwerbel's demands that Defendant cease its calls, which can reasonably be expected to harass Ms. Schwerbel.

   b.  Defendant violated Fla. Stat. § 559.72(8) by using willfully abusive language in communicating with Ms. Schwerbel, when Defendant threatened to arrest Ms. Schwerbel if she did not pay the Debt.

   c.  Defendant violated Fla. Stat. § 559.72(9) by failing to disclose that payment towards the Debt will re-start the statute of limitations for Defendant to pursue legal action on the Debt.

72.     As a result of the above violations of the FCCPA, Ms. Schwerbel has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

73.     Defendant's actions have damaged Ms. Schwerbel by invading her privacy.

74.     Defendant's actions have damaged Ms. Schwerbel by causing her embarrassment.

75.     Defendant's actions have damaged Ms. Schwerbel by causing her stress.

76.     Defendant's actions have damaged Ms. Schwerbel by causing her aggravation.

77.     Defendant's actions have damaged Ms. Schwerbel by harming her reputation.

78.     It has been necessary for Ms. Schwerbel to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

79.     All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a.   Awarding statutory damages as provided by §559.77, Fla. Stat.;

   b.   Awarding actual damages;

   c.   Awarding punitive damages;

   d.   Awarding costs and attorneys' fees;

   e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

   f.   Any other and further relief as this Court deems equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, **THERESA SCHWERBEL**, demands a trial by jury on all issues so triable.

Respectfully submitted this **September 24, 2018**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff